UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

F I L E D
3/29/2023
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**JESUS ELDO TACORONTE**

Plaintiff

vs                                                     Case No. 6:23-CV-571-WWB-EJK

**DEUTSCHE BANK NATIONAL TRUST COMPANY,
CARRINGTON MORTGAGE SERVICES, LLC,
LOGS LEGAL GROUP, LLP,
MATTHEW IAN FLICKER,**
  A natural person
**THOMAS MCFAYDEN,**
  A natural person
**JON GREENLEE**

  Defendants
_____/                                **TRIAL BY JURY DEMANDED**

## Amended VERIFIED COMPLAINT

**COMES NOW,** JESUS ELDO TACORONTE, hereinafter "Plaintiff", brings this action for redress of Defendants, DEUTSCHE BANK NATIONAL TRUST COMPANY; CARRINGTON MORTGAGE SERVICES, LLC; LOGS LEGAL GROUP, LLP; MATTHEW IAN FLICKER; THOMAS MCFAYDEN; JON GREENLEE; DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter "DEFENDANTS"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA") and violations of the Florida Consumer Collection Practices Act (hereinafter "FCCPA"), Fla. Stat. §559(Part VI).

### JURISDICTION & VENUE

1. Jurisdiction is vested in this court pursuant to 15 U.S.C. 1692k(d) and 28 U.S.C. § 1337. The court has supplemental jurisdiction over state law claims.

2. Venue and personal jurisdiction in this District are proper because the Defendants collection actions occurred within this District and that Defendant does or transacts business within this District.

3. All conditions precedent to bringing this action have been performed.

## PARTIES

4. The Plaintiff, at all times and places herein, was a resident within the jurisdiction of this court. Further, the Plaintiff is a "consumer" as defined under 15 U.S.C. § 1692a(3).

5. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter "DBNA"), at all times and places herein, was acting in the capacity of a debt collector within the jurisdiction of this Court. Further, this Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

6. Defendant CARRINGTON MORTGAGE SERVICES, LLC (hereinafter "Carrington"), at all times and places herein, was acting in the capacity of a debt collector within the jurisdiction of this Court. Further, this Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

7. Defendant LOGS LEGAL GROUP, LLP (hereinafter "LOGS"), at all times and places herein, was acting in the capacity of a debt collector within the jurisdiction of this Court. Further, this Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

8. Defendant MATTHEW IAN FLICKER (hereinafter "FLICKER"), is an agent/partner/employed by LOGS LEGAL GROUP, LLP in furtherance of its business in conducting itself as a "debt collector" as defined under 15 U.S.C. § 1692a(6).

9. Defendant JON GREENLEE (hereinafter "GREENLEE"), is an agent employed by CARRINGTON MORTGAGE SERVICES, LLC in furtherance of its business in conducting itself as a "debt collector" as defined under 15 U.S.C. § 1692a(6).

10. Defendant THOMAS MCFAYDEN, (hereinafter "MCFAYDEN"), was an agent employed by LOGS LEGAL GROUP, LLP in furtherance of its business in conducting itself as a "debt collector" as defined under 15 U.S.C. § 1692a(6).

11. Defendants regularly collect or attempt to collect debts alleged to be due to another. Further, Defendants regularly collect or attempt to collect debts from consumers.

12. At all times material to the allegations of this Complaint, Defendants were acting as debt collector with respect to Plaintiff's alleged debt.

Case 6:23-cv-00571-WWB-E_K   Document 2   Filed 03/29/23   Page 3 of 11 PageID 30

## FACTUAL ALLEGATIONS

13. The Defendants are a "Debt Collector" located within the United States of America, and as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq.
14. The State of Florida abides by and adheres to these laws. Specifically, the Fair Debt Collection Practices Act 15 U.S.C. §1692, et sec, and as such the Defendants are governed under this law.
15. At all times relevant to this complaint Plaintiff, a natural person over the age of 21, was a resident of the United States, State of Florida, County of Osceola.
16. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants. Further, any alleged debt is disputed.
17. Even if Plaintiff did have such an agreement, which Plaintiff denies, the alleged debt is not in question here, the wrongful actions and inactions of the Defendants in an attempt to collect the alleged debt violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.
18. An FDCPA claim "has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt." Spears v. Brennan, 745 N.E.2d at 877 (quotation omitted). Rhines v. Norlarco Credit Union, 847 N.E.2d 233 (Ind. Ct. App. 2006).
19. Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes. Further, Any alleged debt herein is defined under 15 U.S.C. § 1962a(5) as a consumer "debt".
20. Defendants presented and relied upon documentary evidence and testimony that Defendants knew were fabricated and false respectively.
21. On October 17, 2022, witness, Magda Villanueva, the key signer on both the alleged note endorsements, assignment, and the California All-Purpose Acknowledgement was deposed in Mr. Bakers office in California. Present via telephone were my attorney Mr. Tanner Andrews and Defendant Mr. Flicker, the attorney for the then plaintiff.

Verified Complaint Page 3

22. Magda Villanueva testified that she had been employed from 1997 until 2005 by the plaintiff Carrington.[1] See exhibit A, line 20.

23. Magda Villanueva testified that she left July or August of 2005. See exhibit A Pg. 2, line 14-6.

24. On February 22, 2023, Defendants attempted to utilize an assignment Exhibit C, acknowledgment Exhibit D, and endorsements on a note Exhibit E as evidence which was known by Defendants to be fabricated and false after hearing Magda Villanueva's testimony.

25. Said assignment was proven fabricated and false on October 17, 2022 by the purported signer's testimony that she did not work for the putative assignor at the time of the assignment and did not hold the title visible on the assignment.

26. Furthermore, the said assignment reflects book and page numbers that could not have existed on the dates purported.[2]

27. Defendants, in an attempt to collect a debt, offered a note with known fabricated endorsements from New Century. The endorsements were not present in either the 2008 nor the 2010 cases and did not appear until the 2014 trial despite the fact that the putative endorser left New Century in 2005 according to her testimony. The judge rejected the endorsements and dismissed the case with prejudice. See exhibit B[3]

28. The Defendants failed to comply with the FDCPA, which the Plaintiff alleges is in violation thereof, specifically, 15 U.S.C. § 1692e(10) "The use of any false representation or deceptive means to collect or attempt to collect the debt.". A true and correct copy of said documents are attached hereto as Exhibits "C", "D" and "E"[4] and incorporated herein by reference.

29. "FDCPA coverage is not defeated by clever arguments for technical loopholes that seek to devour the protections Congress intended." Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 361 (6th Cir. 2012)

---

[1] Magda Villanueva's testimony.

[2] Mortgage recorded December 27, 2004, assignment has it being assigned December 16, 2004, eleven days before with a book and page number that did not exist at the time of assignment.

[3] The judge wouldn't allow the late endorsement into evidence.

[4] Fabricated Assignment, All Purpose Acknowledgement, and Endorsements

Verified Complaint Page 4

30. A single violation of the FDCPA provision prohibiting debt collectors from using false, deceptive, or misleading representations is sufficient to establish civil liability under 15 U.S.C. § 1692e, Clomon v Jackson, 998 F.2d 1314 (1993).
31. As a result of DEFENDANTS violations of FDCPA, Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 1692 (f)
## BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE

32. Paragraphs 1 through 33 are realleged as though fully set forth herein.
33. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
34. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and the challenged conduct is related to debt collection.
35. Defendants violated 15 U.S.C. §1692 e (10) by knowingly using documentary evidence that were known to be fabricated and false in the attempt to collect the alleged debt contrary to the FDCPA.

**WHEREFORE,** as to **COUNT I**, the Plaintiff respectfully requests that judgment be entered in his favor and against DEFENDANTS for:

(a). Statutory damages pursuant to 15 U.S.C. § 1692k;

(b). Costs pursuant to 15 U.S.C. § 1692k;

(c). A right to a trial by jury; and

(d). For such other and further relief as this Court deems just and proper.

# COUNT II
# VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 e(5) BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE

36. Paragraphs 1 through 33 are realleged as though fully set forth herein.
37. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
38. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6) and the challenged conduct is related to debt collection.
39. Defendants have taken collection actions that cannot be legally taken by attempting to collect a debt they are not entitled to collect causing Plaintiff to incur legal fees and costs.

**WHEREFORE**, as to **COUNT II**, the Plaintiff respectfully requests that judgment be entered in his favor and against DEFENDANTS for:

(a). Statutory damages pursuant to 15 U.S.C. § 1692k.

(b). Costs pursuant to 15 U.S.C. § 1692k.

(c). A right to a trial by jury; and

(d). For such other and further relief as this Court deems just and proper.

## COUNT III

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 e(2) BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE

40. Paragraphs 1 through 33 are realleged as though fully set forth herein.
41. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
42. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY,
43. CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6) and the challenged conduct is related to debt collection.
44. Defendants violated 15 U.S.C. § 1692 e (2) by misrepresenting the character and amount of the alleged debt. Defendants have fabricated an erroneous number of legal fees, inspection fees, late fees, etc., which the Plaintiff does not owe the Defendants and furthermore, would be time barred regardless.

**WHEREFORE**, as to **COUNT III**, the Plaintiff respectfully requests that judgment be entered in his favor and against DEFENDANTS for:

(a). Statutory damages pursuant to 15 U.S.C. § 1692k;

(b). Costs pursuant to 15 U.S.C. § 1692k;

(c). A right to a trial by jury; and

(d). For such other and further relief as this Court deems just and proper.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 f BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE

45. Paragraphs 1 through 33 are realleged as though fully set forth herein.
46. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
47. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY,CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP, MATTHEW IAN FLICKER, THOMAS MCFAYDEN, JON GREENLEE are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and the challenged conduct is related to debt collection.
48. Defendants have violated 15 U.S.C. §1692 f using unfair or unconscionable means to collect or attempt to collect the alleged debt by presenting documentary evidence and testimony that defendants knew were fabricated and false respectively in an attempt to collect the alleged debt defendants know they were not entitled to collect.

**WHEREFORE,** as to **COUNT IV**, the Plaintiff respectfully requests that judgment be entered in his favor and against DEFENDANTS for:

(a). Statutory damages pursuant to 15 U.S.C. § 1692k;

(b). Costs pursuant to 15 U.S.C. § 1692k;

(c). A right to a trial by jury; and

(d). For such other and further relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(Part 9) BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, LOGS LEGAL GROUP, LLP,

49. Paragraphs 1 through 33 are realleged as though fully set forth herein.

50. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

51. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, and LOGS LEGAL GROUP, LLP, are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6) in that they collect debts alleged to be owed to others.

52. Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON MORTGAGE SERVICES, LLC, and LOGS LEGAL GROUP, LLP, violated Fla. Stat. §559.77.by claiming, attempting or threatening to enforce a debt when such person knows they do not have the right to enforce.

**WHEREFORE**, as to **COUNT V**, the Plaintiff respectfully requests that judgment be entered in his favor and against DEFENDANTS for:

(a). Statutory damages pursuant to Fla. Stat. §559.77.

(b). Costs pursuant to Fla.Stat. §559.77.

(c). A right to a trial by jury; and

(d). For such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, the DEFENDANTS have violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act and the Plaintiff prays that judgment favorable to Plaintiff be entered against the DEFENDANTS in this action.

Respectfully submitted,

_____
Jesus Tacoronte

Jesus Tacoronte
10524 Moss Park Rd.
STE 204-225
Orlando, Fl 32832
Cell – 407-401-2663
Email; Investortips@gmail.com

## Verification

I, Jesus Tacoronte, have read the foregoing statement of claim and examined the appendices referenced therein. The facts stated in the statement of claim are true. The appendices are true, correct, and fair copies of the recited instruments.

_____     __3/28/23__
Jesus Tacoronte                                          Date

**State of Florida**          )
                                             )
**County of Orange**     )

Before me, the undersigned notary, on March 28th 2023, personally appeared Jesus Tacoronte, who is personally known to me or has produced _FL Drivers License_ as identification, and who, being duly sworn, stated under penalty of perjury that the facts alleged in the foregoing statement of claim are true and correct.

_____    _Adam Persad_   _3/28/23_
Notary signature                    Notary Print          Notary date


(SEAL)



ADAM PERSAD
MY COMMISSION # HH 353149
EXPIRES: January 24, 2027