UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESUS ELDO TACORONTE,**

      **Plaintiff,**

v.                                           Case No: 6:23-cv-571-WWB-EJK

**DEUTSCHE BANK NATIONAL
TRUST COMPANY,
CARRINGTON MORTGAGE
SERVICES, LLC, LOGS LEGAL
GROUP, LLP, MATTHEW IAN
FLICKER, THOMAS MCFAYDEN,
and JON GREENLEE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the following:

1. Defendants Carrington Mortgage Services, LLC, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-1, and Jon Greenlee's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 9), filed April 27, 2023; and

2. Defendants, Logs Legal Group, LLP, Matthew Flicker, and Thomas McFayden's Motion to Dismiss Amended Complaint with Prejudice (Doc. 16), filed May 10, 2023.

Therein, Defendants seek dismissal of the Amended Complaint (Doc. 2) with prejudice. *Pro se* Plaintiff, Jesus Eldo Tacoronte, responded to both Motions in

opposition on June 30, 2023. (Docs. 20, 21.) Upon consideration, the undersigned respectfully recommends that the Court grant in part and deny in part the Motions, dismiss Plaintiff's Amended Complaint without prejudice, and allow Plaintiff to replead.

## I.  BACKGROUND[1]

Plaintiff initiated this case on March 29, 2023, claiming that Defendants took unlawful steps to collect a debt. (Doc. 2 ¶ 19.) The Amended Complaint, in general, is threadbare on factual allegations. However, from what the Court can glean, Plaintiff alleges that Defendants' actions underlying the debt collection were fraudulent. (*Id.* ¶¶ 21–28.) In Plaintiff's operative Amended Complaint, he asserts several claims against Defendants. (Doc. 2.) Counts I through IV allege various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, against all Defendants. (*Id.*) Count V alleges a claim pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, against Defendant Carrington Mortgage Services, LLC, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-1, and Logs Legal Group, LLP.

---

[1] The facts are derived from the Amended Complaint (Doc. 2), the well-pleaded allegations of which the Court must accept as true in ruling on the Motions to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are also insufficient. *Id.*

A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). District courts apply a "less stringent standard" to pleadings submitted by a *pro se* plaintiff, but a complaint must still meet minimal pleading standards. *See Eidson*, 910 F. Supp. at 612 (M.D. Fla. 1995).

### III. DISCUSSION

While Defendants move to dismiss the Amended Complaint on a variety of grounds, including *Rooker-Feldman*, collateral estoppel, standing, and litigation privilege (Docs. 9, 16), the Court finds that it must first discern what Plaintiff is actually seeking to allege against each Defendant. Therefore, the Court examines Defendants' arguments that Plaintiff's Amended Complaint is a shotgun pleading.

#### A. Shotgun Pleading

Defendants are correct in their argument that Plaintiff's Amended Complaint is an improper shotgun pleading that must be repleaded. There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1321–1323 (11th Cir. 2015).

Plaintiff's Amended Complaint falls under the last category of shotgun pleadings. For each of Plaintiff's five asserted causes of action as well as the background factual allegations, he continuously lumps the actions of "Defendants" together, making it impossible to discern each Defendant's role in the alleged debt collection. (*See* Doc. 2.) The Eleventh Circuit has held that a district court, *sua sponte*, should strike a shotgun pleading and instruct the plaintiff to replead his case. *Cramer*

*v. State of Fla.* 117 F.3d 1258, 1263 (11th Cir. 1997). As such, the undersigned respectfully recommends that the Amended Complaint be dismissed. *See Coker v. Warren*, No. 3:22-cv-518-J-MMH-LLL, 2022 WL 1540393, at *2 (M.D. Fla. May 16, 2022) ("When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible . . ."). If Plaintiff is allowed to replead and chooses to do so, he should fully and completely explain *each Defendant's role* in the alleged debt collection.

To a lesser extent, Plaintiff's Amended Complaint also falls under the third category of shotgun pleadings—lumping various violations into the same count. For example, in Count I, Plaintiff states in the heading that he sues Defendants for a violation of § 1692f, without identifying which part of that section was violated, but in the allegations under Count I, he asserts that Count I is for a violation of § 1692e(10). (Doc. 2 at 5 & ¶ 35.) Should Plaintiff be allowed to replead, he should take care to separate individual violations of the FDCPA into separate counts. *See Scott v. City of Daytona Beach, Fla.*, No. 6:22-cv-2192-WWB-DAB, 2023 WL 1765652, at *1 (M.D. Fla. Feb. 3, 2023) (finding that a complaint fell into the third category of shotgun pleadings where one count alleged three different violations of a city ordinance).

### B. Amendment

A district court may deny leave to amend in cases where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that [she] could offer sufficient

- 5 -

allegations to make a claim for relief plausible on its face." *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (unpublished). However, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam).

In general, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam). Because it is possible that Plaintiff could file an amended pleading curing the deficiencies identified, I respectfully recommend that the Court permit Plaintiff to amend within a timeframe established by the Court. I further recommend that the Court order the forgoing without prejudice to the other remaining arguments Defendants made in their respective Motions that the undersigned does not reach at this time.[2]

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court: **GRANT IN PART** and **DENY IN PART** Defendants Carrington Mortgage Services, LLC, Deutsche Bank National Trust Company, as Indenture

---

[2] If Defendants later reassert their *Rooker-Feldman* argument, they should address the impact of the Eleventh Circuit's decision in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021) on this case.

Trustee for New Century Home Equity Loan Trust 2005-1, and Jon Greenlee's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 9) and Defendants, Logs Legal Group, LLP, Matthew Flicker, and Thomas McFayden's Motion to Dismiss Amended Complaint with Prejudice (Doc. 16) as follows:

1. **DISMISS** the Amended Complaint (Doc. 2) **WITHOUT PREJUDICE**;

2. **PERMIT** Plaintiff to file a second amended complaint, within a timeframe established by the Court; and

3. **ADVISE** Plaintiff that a failure to timely file a second amended complaint by the established date could result in the closure of Plaintiff's case without further notice.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 1, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE